# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-10-1703-CKJ-DTF |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | |
| Janay M. Brun, | |
| Defendant. | |

Defendant Janay M. Brun moves this Court for a motion to dismiss Defendant's information. (Doc. 26.) The government responded in opposition and Defendant replied. (Docs. 34, 36.) This matter came before Magistrate Judge Ferraro for oral argument and a report and recommendation as a result of a referral, pursuant to LRCrim 5.1. This matter was submitted following oral argument on January 19, 2011, and taken under advisement. (Doc. 37.) Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, grant in part and deny in part Defendant's motion.

The Information alleges two counts. One, that Brun knowingly and intentionally conspired to attempt to harass, harm, pursue, trap, capture and collect without lawful permit a jaguar, an endangered species, in violation of 16 U.S.C. § 1538(a)(1)(B) and 18 U.S.C. § 371. Two, that Brun knowingly attempted to harass, harm, pursue, trap, capture and collect without lawful permit a jaguar, an endangered species, in violation of 16 U.S.C. § 1538(a)(1)(B). The original criminal complaint contains the following factual allegations:

> On February 4, 2009, at or near Ruby, in the District of Arizona, Janay Brun placed jaguar scat or was directed to place jaguar scat at snare sites in an attempt to capture and trap an endangered species, to wit, a jaguar (Panthera onca). Brun knew that there had been recent evidence of a jaguar in the area of the snares. The snares had been set solely for the purpose of capturing and placing tracking collars on mountain lions and bears; there was no authorization to intentionally capture a jaguar. A jaguar known as Macho B was caught at one of those snare sites on February 18, 2009.

(Doc. 1.)

## ANALYSIS

### Motion to Dismiss

Defendant asks the Court to find that there was a valid permit for the taking of a jaguar during the relevant time period and that this provides an absolute defense to the charges, thus, the Information should be dismissed. Defendant casts this motion as alleging that the Information fails to state an offense (Doc. 26 at 1); however, the motion is not based on the face of the Information but on exhibits attached to Defendant's motion and numerous other facts, some of which are asserted without citation to evidence.

The parties rely on similar law regarding the standard applicable to a motion to dismiss an Information. Rule 12 provides that a defendant may raise by pretrial motion any defense "that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). A defense comes within this provision if "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969) (addressing similar language from a prior version of the rule). In other words, "[a] district court cannot grant a motion to dismiss an indictment if the motion is 'substantially founded upon and intertwined with' evidence concerning the alleged offense"; rather, dismissal may be granted only if it is "'entirely segregable' from the evidence to be presented at trial." *United States v. Lunstedt*, 997 F.2d 665, 667 (9th Cir. 1993) (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)).

At oral argument, the government agreed that, during February 2009, there was a valid agreement between the Arizona Game and Fish Department (AGFD) and the United States Fish and Wildlife Service (USFWS), which provided:

> Any employee or agent of the AGFD who is designated by that Agency for such purposes, may, when acting in the course of his official duties, take any federally listed endangered fish or wildlife for conservation purposes that are consistent with the purposes of the Act and this Conservation Agreement, or any Project Agreement attached thereto, provided that such taking is not reasonably anticipated to result in . . . .

(Doc. 26, Ex. C at 94.) Because the parties are in agreement that, as a matter of law, there was a valid permit in effect at the relevant time, the Court can so find as requested by Defendant.

The government contends, however, that the question of whether Defendant and her actions were covered by this permit is a factual dispute that should be left to the jury. Because the issue of whether Defendant's alleged actions were protected by the permit is intertwined with the elements of the two counts, both of which allege Defendant acted without lawful permit, the Court cannot grant a motion to dismiss based on this defense. Defendant urges the Court that it can make the necessary factual findings to resolve her defense because the facts are essentially undisputed and are based upon government disclosures. Although Defendant is correct that the Court has the authority to make factual determinations prior to trial, it can only do so if "trial of facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Lunstedt*, 997 F.2d at 667 (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d at 1452). Because trial of the offense is intimately connected to the validity of the defense, the Court cannot make the requested factual findings.

Sufficiency of the Information

At oral argument, the Court expressed concern that the government failed to adequately plead Count 1. Count 1 alleges conspiracy, which requires charging "an agreement, an unlawful object toward which the agreement is directed, and an overt act in furtherance of the conspiracy." *United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir. 1985). The Information does not allege an overt act. (Doc. 17 at 1.) The government indicated that Count 2 was the overt act for Count 1 and requested leave to amend if the Court found it deficient. Count 1 does not reference or incorporate Count 2, nor does Count 2 allege an overt act. Thus, Count 1 fails to

adequately allege a conspiracy, is deficient on its face and should be dismissed without prejudice to refiling.[1]

During briefing on the motion to dismiss, the parties disputed the mental state necessary to prove Counts 1 and 2. The government asserted that violation of 16 U.S.C. § 1538(a)(1)(B) is a general, not specific, intent crime. (Doc. 34 at 3.) In response, Defendant agreed that a substantive violation of the statute does not require specific intent but argued that conspiracy to violate and attempted violation of the statute are specific intent crimes. In Count 1, the government alleges that Defendant knowingly and intentionally conspired. However, in Count 2, the government alleges only that Defendant "knowingly" attempted, not that she acted with specific intent. This is in error because attempt is a specific intent crime. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192-93 (9th Cir. 2000). The omission does not necessarily render the Information fatally flawed and Defendant did not seek dismissal on this ground. However, if the government amends the Information, or seeks an indictment by grand jury, it should correct the mental state alleged in Count 2.

**RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order granting in part and denying in part the Motion to Dismiss (Doc. 26). In particular, the Court should dismiss Count 1 without prejudice for failing to allege an overt act. Additionally, the Court should make a finding that, at the relevant time in February 2009, there was a valid permit in effect between the AGFD and the USFWS, the terms of which are set forth in Exhibit C to Defendant's Motion to Dismiss (Doc. 26).

---

[1] Additionally, although the Information may not require dismissal on this ground, the Court notes that Count 1 alleges a conspiracy to "attempt" to violate 16 U.S.C. §§ 1538 and 1540. *See United States v. Dearmore*, 672 F.2d 738, 739-40 (9th Cir. 1982) (it is "poor practice to indict for conspiracy to commit the attempt instead of indicting for conspiracy to commit the substantive offense").

- 4 -

1  Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file
2  written objections within fourteen days of being served with a copy of the Report and
3  Recommendation.  If objections are not timely filed, they may be deemed waived.
4  DATED this 24th day of January, 2011.

D. Thomas Ferraro
United States Magistrate Judge